# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARY E. MILLER, et al.,

       Plaintiffs,  :  Case No. 3:11-cv-237

                                    District Judge Thomas M. Rose
    -vs-                            Magistrate Judge Michael R. Merz

                                 :

AutoZone, Inc., et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion for Judgment on the Pleadings of the sole remaining Defendant, Autozone, Inc. (Doc. No. 29).

The Plaintiffs in this case are Mary E. Miller ("Ms. Miller") and her minor children Mark E. Miller and Michael K. Miller, and William Edward A. Miller, described as her adult disabled legal ward.  Ms. Miller brought this action *pro se* on her own behalf and on behalf of the other Plaintiffs; her authority to act on their behalf has not been questioned.

The instant Motion was served on Ms. Miller on April 4, 2012, by Autozone's counsel (Certificate of Service, Doc. No. 29, PageID 130).  In addition, since she is proceeding *pro se*, the Court sent her a separate notice of her obligation to respond to the Motion by April 30, 2012.  She has filed no response.

### Legal Standard

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded

1

material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001);*Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991), *citing Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

With respect to a motion made pursuant to Rule 12(b)(6), the Sixth Circuit recently said:

> The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had prevailed for the last few decades. *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Conley* itself had reflected the change away from "code pleading" FN1 to "notice pleading," and the standard it announced was designed to screen out only those cases that patently had no theoretical hope of success. 355 U.S. at 45-46, 78 S.Ct. 99 ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); see also *Iqbal*, 129 S.Ct. at 1959 (Souter, J., dissenting) (observing that "[t]he sole exception" to the *Conley* rule was for "allegations that [were] sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel").
>
> > FN1. See generally Roscoe Pound, Review of Clark on Code Pleading, 38 Yale L.J. 127 (1928).
>
> The Court has now explained, however, that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Indeed, while this new *Iqbal/Twombly* standard screens out the "little green men" cases just as *Conley* did, it is designed to also screen out cases that, while not utterly

> impossible, are "implausible." See Robert G. Bone, *Twombly, Pleading Rules, and the Regulation of Court Access*, 94 IOWA L. REV. 873, 887-90 (2009). Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice.

*Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625, 629-30 (6th Cir. 2009).  In other words, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Savoie v. Martin*, 673 F.3d 488 (6th Cir. 2012), quoting *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ.,* 615 F.3d 622, 627(6th Cir. 2010), quoting *Twombly,* 550 U.S. at 570.  All well-pled facts in the complaint must be accepted as true.  *Savoie, supra,* citing, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), citing *Iqbal,* 556 U.S. at ___, 129 S.Ct. at 1949.

## Application

As a *pro se* Plaintiff, Ms. Miller is entitled to have her pleadings liberally construed. *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) citing *Federal Exp. Corp. V. Holowecki,* 552 US. 389, 402 (1998); see also, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).  Reading the Complaint in that spirit, the Court finds that Ms. Miller is claiming Defendant Autozone failed to pay her benefits under the Ohio Worker's Compensation laws to which she was entitled.  She asserts that that failure caused substantial financial hardship to her and to her minor children, the other Plaintiffs in the case, including closure of her Chapter 13 bankruptcy proceedings for failure to make payment and an accelerated foreclosure action on her home.  As relief she sought an injunction preventing a sheriff's sale of her home; production of certain described documents; $125,000 for lost wages and unpaid medical bills; $10,000 for William Edward Anthony Miller for

"loss of support and benefits not available as a result of non-timely temporary total disability paid"; $20,000 each for Michael and Mark Miller on the same basis; and a damage award for herself in the amount of $200,000 for withholding medical treatment in the past and for future medical treatment, given a life expectancy of fifty-four years (Complaint, Doc. No. 2).

As noted by AutoZone in the Motion, the Complaint alleges that Ms. Miller was employed by AutoZone for seven years and that AutoZone is a self-insured employer under the Ohio Workers' Compensation law. All of Plaintiff's claims arise out of her status as an employee and as a claimant under the Ohio Workers' Compensation law.

AutoZone disputes this Court's subject matter jurisdiction over the case, but that argument is not well taken. Plaintiff asserted subject matter jurisdiction under 28 U.S.C. § 1332. See Civil Cover Sheet, Doc. No. 1-5, PageID 16. The Court initially concluded it did not have subject matter jurisdiction because Plaintiff had joined two non-diverse parties (Report and Recommendations, Doc. No. 3). Plaintiff responded by dismissing those parties (Doc. No. 4) and the recommendation was withdrawn (Doc. No. 5). In its Answer (Doc. No. 17), AutoZone did not deny and indeed it does not now deny that it is a citizen of a State other than Ohio. Thus the requisite diversity of citizenship exists and the amount in controversy plainly exceeds $75,000.

In asserting lack of jurisdiction, AutoZone cites no authority which would deprive this Court of jurisdiction over Plaintiff's claims. Instead, AutoZone cites authority which precludes the Ohio Common Pleas courts from exercising jurisdiction over workers' compensation claims in the first instance. (See, e.g., Motion, Doc. No. 29, PageID 129-130). That authority is not apposite as state case law cannot be read as having an impact on the subject matter jurisdiction of the United States District Courts.

However, because Plaintiff's claims purport to arise under Ohio law, this Court, sitting in diversity, must apply Ohio substantive law to determine whether there is a cause of action. 28

U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States). In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990).

As Defendant argues, it is a fundamental feature of the Ohio workers' compensation scheme that awards under the workers' compensation system are the exclusive remedy of a worker for workplace injury. As the Ohio Constitution provides,

> Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries or occupational disease and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond to damages at common law or by statute for such death, injuries or occupational disease ...

Ohio Constitution, Article II, § 35. The immunity of the employer from other damages is codified in Ohio Revised Code § 4123.74. Plaintiff's Complaint does not set forth a claim of intentional tort which such as would take this case outside the workers' compensation system. *See Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St. 2d 608 (1982). Therefore AutoZone is immune from liability on Plaintiff's Complaint under Ohio Revised Code § 4123.74.

AutoZone's *res judicata* defense is also well taken. "[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006), quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *State of Ohio ex rel Boggs v. Cleveland*, 655 F.3d 516 (6th Cir.

5

2011). Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3rd Cir. 1989). The authority cited by AutoZone establishes that Plaintiff raised or should have raised any claims she had arising under or relating to the Ohio Workers' Compensation law in her proceedings before the Industrial Commission. The final order of the Self-Insuring Employers Evaluation Board, attached as Exhibit A to the Motion, is conclusive.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Court conclude it does have subject matter jurisdiction of this dispute under 28 U.S.C. § 1332, but that any claim of the Plaintiff is barred by AutoZone's immunity under Ohio Revised Code § 4123.74 and by the doctrine of *res judicata*. Therefore the Complaint should be dismissed with prejudice.
May 1, 2012.

                                                s/ **Michael R. Merz**
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).